# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| David Lopez,<br><br>            Plaintiff,<br><br>v.<br><br>Cardenas Markets, LLC,<br><br>            Defendant. | Case No. 2:21-cv-01915-JCM-BNW<br><br>**ORDER re ECF No. 21** |

Before the Court is Plaintiff David Lopez's Motion for Sanctions. ECF No. 21. Defendant opposed at ECF No. 28, and Plaintiff replied at ECF No. 33. The Court held an evidentiary hearing on April 24, 2023. ECF No. 36.

The Court has reviewed the parties' briefs and attached exhibits as well as the testimony and evidence presented at the evidentiary hearing. For the reasons discussed below, the Court, in its discretion, grants in part Plaintiff's motion for sanctions.

**I.   Background**

This is an action arising out of a 2019 slip-and-fall accident at a Cardenas supermarket in Las Vegas. ECF No. 1-2. Plaintiff filed suit in state court, alleging several causes of action, including negligence. *Id*. Defendant subsequently removed the action to this Court. ECF No. 1.

**II.   Discussion**

      **A.   Parties' Arguments**

Plaintiff argues that Defendant spoliated electronically stored information ("ESI"), namely picture(s) and/or video(s) taken of the area where Plaintiff fell several minutes after the fall. ECF No. 21 at 2–3, 9. According to Plaintiff, the surveillance video of the store shows what appears to be Defendant's store manager taking photo(s) and/or video(s) of the area where Plaintiff fell while Plaintiff was still on the floor. *Id*. at 3. However, because the evidence was spoliated, he does not know whether the store manager took just one photo or several photos and whether

1  video was taken as well. *Id*. at 3 n.9. Finally, he adds that this spoliation has prejudiced "his
2  ability to fairly present his case to a jury." *Id.* at 4, 7–9.

3        Defendant argues that Plaintiff's motion is untimely, as it was brought after the close of
4  discovery and in response to Defendant's summary judgment motion. ECF No. 28 at 3–4, 9. In
5  the event the Court finds Plaintiff's motion timely, Defendant concedes that it lost "one picture"
6  of Plaintiff at the scene of the fall, but argues that any claim that additional pictures or videos
7  exist is speculative. *Id*. at 5, 9. It also argues that the picture is of Plaintiff and not the area where
8  Plaintiff fell. *Id*. at 6. Ultimately, Defendant argues Plaintiff has failed to meet his burden that the
9  ESI cannot be replaced with additional discovery or that he has suffered any prejudice. *Id*. at 5–6,
10  9.

11        Plaintiff replies that (1) his motion is timely and was filed as reasonably practical after
12  learning of the spoliation; (2) Defendant asked for two continuances to respond to Plaintiff's
13  discovery requests that revealed the lost ESI; (3) the cases Defendant cites to establish
14  untimeliness involve parties waiting over nine months to bring the spoliation motion; (4) he filed
15  the motion before the dispositive-motions deadline; and (5) he was working on multiple motions
16  at the same time, including a motion to strike and his response to Defendant's motion for
17  summary judgment. ECF No. 33 at 1–3. Plaintiff also argues that "[t]he video clearly shows that
18  the Store Manager is not pointing his cell phone at [Plaintiff] nor taking a picture of him" but is,
19  instead, taking a picture of the spill, which goes to the issue of notice. *Id*. at 4, 6. Further, he
20  submits that the lost photo referenced in the Incident Report "would be in addition to the
21  picture(s)/video the Store Manager took of the exact area" where Plaintiff slipped. *Id*. at 4.
22  Finally, Plaintiff asserts that Defendant has not explained why it lost the ESI.

23        **B.**      **Legal Standard**
24        "Spoliation is the destruction or significant alteration of evidence, or the failure to
25  preserve [evidence,] . . . in pending or reasonably foreseeable litigation." *United States v. Kitsap*
26  *Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002). Fed. R. Civ. P. 37 ("Rule 37") authorizes
27  the Court to sanction non-adherence to discovery rules, including spoliation of evidence.
28

Before determining whether the Court should impose sanctions, Rule 37(e) requires the Court to assess the following four criteria: (1) whether the information qualifies as electronically stored information ("ESI"); (2) whether there was a duty to preserve the ESI in the anticipation or conduct of litigation; (3) whether the ESI was lost because a party failed to take reasonable steps to preserve it; and (4) whether the ESI can be restored or replaced through additional discovery.

If those criteria are met, and the reviewing court finds there is "prejudice to another party from [the] loss of the [ESI]," the Court may "order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1).

If, however, the party who was supposed to preserve the ESI "acted with the intent to deprive another party of the information's use in the litigation," the Court may authorize the following sanctions:

> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e)(2).

Terminating sanctions under Rule 37(e)(2)(C) are "very severe." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). However, they are appropriate when the Court finds "willfulness, fault, or bad faith." *Leon v. IDX Systems Corp*, 464 F.3d 951, 958 (9th Cir. 2006).

"[T]he relevant standard of proof for spoliation sanctions is a preponderance of the evidence." *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 335 (D. Ariz. 2022) (citations omitted).

**C.     Analysis**

Plaintiff fell while grocery shopping at one of Defendant's Las Vegas stores. Joint Exh. 7. Plaintiff's slip-and-fall was captured on Defendant's security camera. *Id.* Defendant preserved the video showing Plaintiff's fall. *See* ECF No. 21 at 2; *see also* Joint Exh. 7.

Defendant has a policy requiring that photos be taken of the area where the fall took place. ECF No. 21-5 at 2–3; ECF No. 36 at 27:50–28:14, 1:17:23–1:17:39. Its policy is to take photos of

the area of the incident, not of the person who fell.[1] ECF No. 36 at 51:08–51:28. At the evidentiary hearing, store manager Luis Pichardo testified that he does not have a memory of this 2019 incident but, based on the video footage and Defendant's policy, it is likely that he took a picture on either his personal or work cell phone of the area where Plaintiff fell and followed the company's procedures for sharing the picture with the proper personnel. *Id*. at 48:06–48:37, 50:35–51:03; 1:06:08–1:06:30, 1:12:14–1:12:27. Mr. Pichardo's testimony is supported by security video of the fall, as this footage shows him walking around Plaintiff (who remains on the floor waiting for an ambulance to arrive), bending over, retrieving what appears to be a cell phone from his pocket, and positioning the cell phone to take a photo. *See* Joint Exh. 7. Defendant did not preserve this photo. *See* ECF No. 28 at 5.

### 1. Plaintiff's motion for sanctions is timely.

Defendant argues that Plaintiff's motion is untimely. ECF No. 28 at 3–4. The Court, however, disagrees.

It is generally agreed that a motion for sanctions must be timely filed. *MGA Ent., Inc. v. Nat'l Prod. Ltd.*, No. CV 10-07083 JAK SSX, 2012 WL 4052023, at *4 (C.D. Cal. Sept. 14, 2012). Unduly delaying in bringing a motion for discovery sanctions renders such a request untimely. *See Brown v. Hawaii*, 2009 WL 3365850, at *2–3 (D. Haw. Oct. 19, 2009); *see also MGA Ent., Inc.,* 2012 WL 4052023 at *4. The outer limit for seeking discovery sanctions that are dispositive in nature is the deadline for filing dispositive motions. *See, e.g., Hall v. Schumacher*, 2011 WL 4458845, at *3 (D. Nev. Sept. 23, 2011); *Larios v. Lunardi*, 442 F. Supp. 3d 1299, 1305 (E.D. Cal. 2020), *aff'd*, 856 F. App'x 704 (9th Cir. 2021), and *aff'd*, 856 F. App'x 704 (9th Cir. 2021) (noting that federal district courts have allowed parties to file spoliation motions after discovery closes).

Here, Plaintiff brought the instant motion for sanctions a few weeks after the close of discovery but before the deadline to file dispositive motions. *Compare* ECF No. 17 at 3 (the Court set a dispositive-motions deadline of March 10, 2023) *with* ECF No. 21 (Plaintiff filed the instant motion on March 9, 2023). The Court has reviewed cases where courts have found

---

[1] This contradicts Defendant's argument that the lost photo is of Plaintiff and not the area where he fell.

motions for sanctions untimely and finds that the facts of this case differ from those. In many of these cases, the movant waited a considerable period of time—ranging from six months to a year— after learning of the alleged spoliation to bring the motion for sanctions. *See, e.g. MGA Ent., Inc.,* 2012 WL 4052023, at *4 (movant waited six months after learning of the alleged spoliation to bring the motion for sanctions); *Larios*, 442 F. Supp. 3d at 1306 (finding a party's motion for sanctions untimely because the movant failed to explain why it waited nine months to bring the motion).

Accordingly, because Plaintiff received Defendant's responses regarding the lost ESI only a few weeks before the close of discovery—and after Defendant had requested two continuances to provide him with its responses—and Plaintiff filed this motion before the dispositive-motions deadline, the Court finds the motion timely.

**2.     Plaintiff has established a threshold showing of spoliation.**

First, the photo taken by Mr. Pichardo and stored on either his personal or work cell phone constitute ESI for purposes of a Rule 37 analysis.

Second, Defendant had a duty to preserve the ESI in anticipation of litigation, as it knew or should have known that a picture depicting the area of a slip-and-fall would be relevant to a party's claim or defense. *Perkins v. City of Modesto*, No. 119CV00126LJOEPG, 2020 WL 1333109, at *16 (E.D. Cal. Mar. 23, 2020). Indeed, Defendant's own policy required store employees to take photos of the area of the fall to determine whether the area was "clean, wet and/or dry." ECF No. 21-5 at 2–3. And, as Defendant's claims team member Salvador Lozano testified at the evidentiary hearing, Defendant is subject to hundreds of civil actions each year. ECF No. 36 at 1:55:18–1:55:50. Thus, Defendant is aware of its obligations to preserve evidence.

Having found that Defendant had a duty to preserve the photo taken by Mr. Pichardo, the Court must next determine whether the ESI is "lost" because Defendant failed to take reasonable steps to preserve it and whether it can be restored or replaced through additional discovery. Fed. R. Civ. P. 37(e); *see also Colonies Partners, L.P. v. Cnty. of San Bernardino*, No. 518CV00420JGBSHK, 2020 WL 1496444, at *5 (C.D. Cal. Feb. 27, 2020), *report and recommendation adopted*, No. 518CV00420JGBSHK, 2020 WL 1491339 (C.D. Cal. Mar. 27,

2020) (citations omitted) ("A party must show by competent evidence, which could take the form of expert testimony or other evidence, that the ESI sought was actually lost" and cannot be restored or replaced with additional discovery.).

Here, there is video footage that shows Defendant's store manager Mr. Pichardo taking a picture of the area where Plaintiff fell in compliance with company policy. Joint Exh. 7. In addition, Mr. Pichardo testified, while watching the surveillance video, that he may have been taking a picture. ECF No. 36 at 50:34–52:28. Furthermore, on October 21, 2019, a store employee submitted an incident report to Defendant's claims team[2] noting that a photo relating to the fall exists, yet the employee did not attach or enclose the photo. ECF No. 28-1 at 2; Joint Exh. 8; ECF No. 36 at 1:59:00–2:01:13. The next day, the claims team followed up (for the first and only time) with the store to ask for the missing photo, no photo was ever produced, and Defendant now concedes that this photo has been lost. Joint Exh. 8; ECF No. 28 at 5 ("[Defendant] admittedly has been unable to locate that picture."); ECF No. 36 at 2:01:30–2:02:05. As already noted, the day after receiving the incident report, the claims team sent one e-mail to the store regarding the missing photo. There is no evidence that they followed up with any store employees, including the store manager Mr. Pichardo, to learn who took the picture and where it was stored. The Court, therefore, concludes that Defendant did not take reasonable steps to preserve the photo of the area where the fall took place.

Defendant next argues that this lost photo could be restored or replaced through additional discovery, namely through witness statements regarding what may have been on the floor where Plaintiff fell. However, its argument misunderstands Rule 37(e). The Rule's discussion on "restore or replace" refers to "digital backups and the likelihood that electronic documents have multiple versions." *Freidig v. Target Corp.*, 329 F.R.D. 199, 208 (W.D. Wis. 2018) (citing Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment) ("Because electronically stored information often exists in multiple locations, loss from one source may often be harmless when substitute information can be found elsewhere.").

---

[2] The e-mail was sent to then-claims supervisor and current-risk claims manager Salvador Lozano. ECF No. 36 at 1:45:30–1:45:40; Joint Exh. 8.

Here, the store manager testified that he does not know whether he took the photo on his personal or company cell phone. ECF No. 36 at 1:08:32–1:08:41, 1:15:05–1:15:17. He also testified that he no longer possesses his personal cell phone and does not know whether he has the same company cell phone from 2019, as he has changed company phones twice. *Id*. at 39:11–39:25, 39:29–39:40, 1:07:50–1:07:57, 1:16:31–1:16:59. Regardless, neither he nor Defendant was able to find any photos from the 2019 incident. *Id*. at 1:08:42–1:08:55. Based on this record, the Court finds that the photo cannot be restored or replaced with additional discovery. *See Freidig*, 329 F.R.D. at 208 ("The availability of non-electronic evidence is a factor that speaks to prejudice, not whether the lost evidence can be restored.").

In sum, the Court finds that Plaintiff has established, by a preponderance of the evidence, spoliation of the photo of the area where Plaintiff fell that was taken by store manager Luis Pichardo.

However, the Court does not find Plaintiff has established, by a preponderance of the evidence, that Mr. Pichardo took more than one photo or that he took a video of the area of the fall.[3] Although Plaintiff argued that there was direct proof that more than one photo existed, the Court disagrees. The Court finds the photo referenced in the Incident Report to be the photo that Mr. Pichardo took of the area after the fall. It also finds that the video supports Mr. Pichardo taking *a* photo of the area where Plaintiff fell but not multiple photos. Finally, the Court finds no videos were taken because Mr. Pichardo testified that Defendant's policy required taking pictures, *not* videos of the area where the fall took place. ECF No. 36 at 1:18:20–1:18:34. The Court also notes that company documents only direct employees to take pictures of the area of a fall. *See* ECF No. 21-5 at 2–3 ("Obtain photos – is the area clean, dry and/or wet?").

### 3.    Defendant's failure to preserve the ESI prejudiced Plaintiff.

Having found a threshold showing of spoliation, the Court next must determine if Plaintiff has suffered prejudice (under Fed. R. Civ. P. 37(e)(1)) and/or whether Defendant intended to deprive Plaintiff from using the spoliated ESI in this litigation (under Fed. R. Civ. P. 37(e)(2)).

---

[3] Plaintiff conceded at the evidentiary hearing that there are no lost videos of the area of the fall taken by Mr. Pichardo. ECF No. 36 at 2:11:40–2:11:51. However, he continued to argue that more than one photo exists. *Id*. at 2:11:15–2:11:40, 2:12:40 –2:15:10.

Under Rule 37(e)(1), the court, "upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice[.]" "Prejudice exists when spoliation prohibits a party from presenting evidence that is relevant to its underlying case." *Fast*, 340 F.R.D. at 339 (internal quotation marks and citation omitted). Courts have the discretion to determine if the spoliation of evidence is prejudicial, and neither party has the burden of establishing or disproving prejudice. *Hernandez v. Tulare Cty. Corr. Ctr.*, 2018 WL 784287, at *10 (E.D. Cal. Feb. 7, 2018) (citing Fed. R. Civ. P. 37(e), Committee Notes on Rules – 2015 Amendment)).

The choice of an appropriate sanction "must be determined on a case-by-case basis, and should be commensurate to the spoliating party's motive or degree of fault in destroying the evidence and the degree of prejudice suffered by the movant." *Balla v. Idaho State Bd. of Correction,* 119 F. Supp. 3d 1271, 1282 (D. Idaho 2015) (citation and internal quotation marks omitted). Such sanctions may include

> forbidding the party that failed to preserve information from putting on certain evidence, permitting the parties to present evidence and argument to the jury regarding the loss of information, or giving the jury instructions to assist in its evaluation of such evidence or argument, other than instructions to which subdivision (e)(2) applies.

Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment. In selecting an appropriate remedy, courts are to choose "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim." *Apple Inc. v. Samsung Elecs. Co.,* 888 F. Supp. 2d 976, 992 (N.D. Cal. 2012).

Here, a central dispute in this case is whether there was anything on the supermarket floor that caused Plaintiff's fall and whether Defendant had actual or constructive notice of this substance.[4] A photo of the area of the fall is relevant to both of these issues and its loss impairs Plaintiff's ability to litigate this case because there is no way of recreating the picture. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). It is true that some of the probative value of

---

[4] Defendant concedes that there was milk in the area where Plaintiff slipped and fell. ECF No. 28 at 3. However, it argues that the spill was open and obvious, so a photo depicting the scene of the fall would be relevant to the Plaintiff's ability to argue that it was not open and obvious.

the photo may be substituted with witness testimony, as Defendant argues. But such testimony is not a complete and fair substitute because it does not provide a pictorial or objective depiction of the area of the fall. The Court finds that Defendant's failure to take reasonable steps to preserve the photo deprived Plaintiff of relevant information that could have aided its case and, thus, prejudiced Plaintiff. *See Apple Inc.*, 888 F. Supp. 2d at 993 ("In the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it.") (internal quotation marks and citations omitted); *see also Deerpoint Grp., Inc. v. Agrigenix, LLC*, No. 118CV00536AWIBAM, 2022 WL 16551632, at *13 (E.D. Cal. Oct. 31, 2022) ("If the moving party . . . can show that information was lost because the non-moving party failed to take reasonable steps to preserve the information, a court may find prejudice.") (citation omitted).[5]

The remaining question is what measures are necessary to cure the prejudice resulting from the loss of this ESI. At the evidentiary hearing, Plaintiff requested that Defendant should be precluded from arguing it did not have constructive notice of the spilled milk in the area where Plaintiff fell. ECF No. 36 at 2:21:35–2:22:52. The Court does not find that a picture taken *after* the fall would allow for a conclusive determination regarding Defendant's notice. However, it does find that a proper remedy would be for the jury to be instructed that (1) Defendant took a picture of the area where the fall took place immediately after the fall, (2) Defendant had a duty to preserve that photo but failed to take reasonable steps to do so, (3) the photo was relevant to the claims in this case, and (4) the photo cannot be recovered. *See* Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment;[6] *see also DR Distributors, LLC v. 21 Century Smoking,*

---

[5] The Court agrees with Plaintiff in finding that Defendant did not explain why it failed to take reasonable steps to preserve this ESI.

[6] The Advisory Committee explains that this type of jury instruction is proper under Rule 37(e)(1):

> [S]ubdivision (e)(2) would not prohibit a court from allowing the parties to present evidence to the jury concerning the loss and likely relevance of information and instructing the jury that it may consider that evidence, along with all the other evidence in the case, in making its decision. **These measures, which would not involve instructing a jury it may draw an adverse inference from loss of information, would be available under subdivision (e)(1) if no greater than necessary to cure prejudice.**

Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment (emphasis added).

*Inc.*, 513 F. Supp. 3d 839, 982 (N.D. Ill. 2021) (holding that "[t]he jury will be allowed to consider the evidence of Defendants' behavior resulting in the loss of the ESI along with all the other evidence in making its decision"). This jury instruction is an appropriate remedy because it prevents Defendant from taking advantage of this evidentiary gap and further ensures that the jury "will have the full context for the evidentiary imbalance that [may] become apparent at trial, which is itself relevant evidence going to the parties' credibility and other factual issues." *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 69 (S.D.N.Y. 2020) (internal quotation marks and citation omitted). Because the undersigned will not be the trial judge, the contours or wording of this jury instruction would be best left for the District Judge. *See Deerpoint Grp., Inc.*, 2022 WL 16551632, at *23 ("[T]he precise contours of such instructions must be left to the presiding judge who will determine the universe of jury instructions ultimately to be given in this action.") (citations omitted).

Finally, the Court finds that Defendant was negligent in not preserving the lost photo. However, it does not find that the record supports an intent to deprive. *See Dish Network L.L.C. v. Jadoo TV, Inc.*, No. 20-CV-01891-CRB (LB), 2022 WL 11270394, at *3 (N.D. Cal. Oct. 19, 2022) ("For purposes of Rule 37(e)(2), 'intent' . . . means the evidence shows, or it is reasonable to infer, that a party purposefully destroyed evidence to avoid its litigation obligations.") (citation omitted). As a result, the Court will not authorize Rule 37(e)(2) sanctions.

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff David Lopez's Motion for Sanctions (ECF No. 21) is GRANTED IN PART and DENIED IN PART consistent with this Order.

DATED: May 1, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE