UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| David Lopez,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Cardenas Markets, LLC,<br><br>　　　　　　　Defendant. | Case No. 2:21-cv-01915-JCM-BNW<br><br>**ORDER re ECF No. 20** |

　　　　Before the Court is Plaintiff David Lopez's Motion to Strike. ECF No. 20. Defendant opposed at ECF No. 27, and Plaintiff replied at ECF No. 31. The Court held a hearing on April 12, 2023. ECF No. 34.

　　　　For the reasons discussed below, the Court, in its discretion, grants in part Plaintiff's motion to strike.

**I.　　Background**

　　　　This is an action arising out of a 2019 slip-and-fall accident at a Cardenas supermarket in Las Vegas. ECF No. 1-2. Plaintiff filed suit in state court, alleging several causes of action, including negligence. *Id*. Defendant subsequently removed the action to this Court. ECF No. 1.

　　　　Defendant retained Eric S. Farbman, M.D. as an expert in this case. Dr. Farbman's report offers the opinions that (1) the proposed mechanism of injury is Plaintiff "walking in a Cardenas Markets when he slipped and fell onto the ground[,]" and (2) "[i]t is impossible to say whether [Plaintiff's pre-existing] conditions caused the actual fall or just made him more susceptible to falling." ECF No. 20-2 at 12–13. Plaintiff moves to preclude Dr. Farbman from testifying to either of these conclusions.

//

//

//

## II. Discussion

### A. Parties' Arguments

Plaintiff requests that the Court strike the expert report and exclude the proposed testimony of Defendant's named expert Eric S. Farbman, M.D.'s on the grounds that his testimony fails to comply with Fed. R. Civ. P. 26(a)(2)(B)(i) and Fed. R. Evid. 702(a). ECF No. 20 at 2, 8. He argues that because Dr. Farbman's expert report is speculative, confusing, and fails to provide a basis or reason for his conclusion, it will confuse the trier of fact. *Id*. at 4, 5, 7. Plaintiff further submits that Dr. Farbman's conclusion misrepresents Plaintiff's medical history and fails to mention "the critical fact that [Plaintiff] claims he slipped on a liquid substance." *Id*. at 5–6, 8.

Defendant argues that Plaintiff's "concern is misplaced." ECF No. 27 at 4. This is because Dr. Farbman can "testify that Plaintiff was at a higher risk of a fall due to his pre-existing medical conditions" but not about "whether that risk caused or contributed to this particular fall." *Id*. Defendant also asserts that Dr. Farbman's report satisfies Fed. R. Civ. P. 26(a)(2)(B)(i) because his opinion is "specific, based on the medical records, and helps the jury understand disputed medical evidence." *Id*. at 3–4. Finally, Defendant generally argues that Dr. Farbman's "opinion satisfies FRE 702." *Id*. at 3.

### B. Legal Standard

If a party retains an expert witness to provide testimony in a case, Federal Rule of Civil Procedure 26(a)(2)(B) requires the party to disclose an expert report. The report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. Proc. 26(a)(2)(B)(i). Expert reports eliminate unfair surprise to the opposing party and conserve resources. *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 299 (D. Nev. 1998) (citation omitted).

Pursuant to Fed. R. Civ. P. 37(c), a court has discretion to exclude evidence that is not submitted in accordance with Rule 26(a). The rule states in relevant part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless

the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1)).

The proponent of the expert and expert report bears the burden of establishing admissibility. *Cooper v. Brown,* 510 F.3d 870, 942 (9th Cir. 2007) (citations omitted). Similarly, if the Court finds that a party violated Rule 26(a), it is that party's burden to show that the violation is substantially justified or harmless. *See Yeti by Molly, Ltd.,* 259 F.3d at 1107. Nonetheless, the decision on whether to admit expert testimony is left to the discretion of the district court. *See Claar v. Burlington N. R. Co.*, 29 F.3d 499, 500–01 (9th Cir. 1994) (explaining that a district court's decision to exclude expert testimony will be upheld unless it is "manifestly erroneous") (citation omitted).

A party may also move to strike expert testimony under Fed. R. Evid. 702. FRE 702, which governs the admissibility of expert testimony, requires expert testimony to "aid the jury in deciphering and understanding the material facts of the case." *Fatai v. Ramos*, No. 19-CV-603-DKW-WRP, 2023 WL 2390573, at *1 (D. Haw. Mar. 7, 2023) *(*citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993)). The burden is on the proponent of the expert testimony to establish its admissibility by a preponderance of the evidence. *See Daubert*, 509 U.S. at 592 n.10; *see also Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987).

**C.     Analysis**

**1.     Dr. Farbman's opinion regarding Plaintiff's pre-existing conditions is incomplete under Fed. R. Civ. P. 26(a)(2)(B)(i).**

Dr. Farbman reviewed Plaintiff's medical records from 2015 to 2021, video footage of Plaintiff's fall, Plaintiff's complaint, Defendant's Incident Report, and other discovery materials. ECF No. 20-2 at 2–12. He did not meet Plaintiff or perform an independent medical examination of him. *See id.* at 13.

Relying on the records he reviewed, Dr. Farbman concluded that the "proposed mechanism of injury" was Plaintiff "walking in a Cardenas Market when he slipped and fell onto

the ground." *Id*. at 12. This opinion sufficiently complies with Rule 26(a)(2)(B)(i), as Dr. Farbman explains he reviewed video footage of the fall and other materials related to the incident.

He also concluded "within a reasonable degree of medical probability" that "[i]t is impossible to say whether [Plaintiff's pre-existing] conditions caused the actual fall or just made him more susceptible to falling." *Id*. at 12–13. This opinion does not provide the "basis and reasons" for it. That is, Dr. Farbman does not explain *how* or *why* Plaintiff's pre-existing conditions may lead to or be a contributory factor in a fall. It also is unclear *why* Dr. Farbman finds it "impossible" to determine "whether [Plaintiff's pre-existing] conditions caused the actual fall or just made him more susceptible to falling." The inability to determine what exactly Dr. Farbman is "expected to present during direct examination together with the reasons therefore" renders his expert report incomplete under Rule 26. *Holmes v. Washington Dep't of Corr.,* No. 3:18-CV-5735, 2022 WL 15759788, at *1 (W.D. Wash. Oct. 28, 2022) (quoting Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendment).

In sum, Dr. Farbman's opinion regarding Plaintiff's pre-existing conditions does not comply with Fed. R. Civ. P. 26(a)(2)(B)(i). *See Fowers Fruit Ranch, LLC v. Bio Tech Nutrients, LLC*, No. 2:11-CV-00105-TC, 2015 WL 2201715, at *4 (D. Utah May 11, 2015) ("It is not sufficient that an expert report merely set forth the opinions the expert will offer; it must also describe the reasons and basis for those opinions. *Expert reports must include 'how' and 'why' the expert reached a particular result, not just his conclusory opinion.*") (citation omitted and emphasis in original).

Furthermore, Defendant has not met its burden to establish that this inadequacy is substantially justified or harmless. Although Defendant appears to argue that Dr. Farbman's opinion is harmless because he cannot testify about whether Plaintiff's Parkinson's and stenosis "caused or contributed to this particular fall," Dr. Farbman's report allows him to do just that.

Having concluded that Dr. Farbman's report did not comply with Rule 26(a)(2)(B)(i), the Court now determines, in its discretion, whether to exclude his report and opinions or to impose some lesser sanction. *See Holen v. Jozic*, No. C17-1147JLR, 2018 WL 5761775, at *2 (W.D. Wash. Nov. 2, 2018) ("District courts are given 'particularly wide latitude' in determining

whether to issue sanctions, including the exclusion of evidence, under Rule 37(c)(1).") (quoting *Bess v. Cate*, 422 F. App'x 569, 571 (9th Cir. 2011)). Under the circumstances here—which do not involve a complete failure to comply with Rule 26(a)(2)(B)—the Court concludes that it should impose a sanction less drastic than complete exclusion of Dr. Farbman's expert testimony. *See Alfaro v. D. Las Vegas, Inc.,* No. 215CV02190MMDPAL, 2016 WL 4473421, at *12 (D. Nev. Aug. 24, 2016), *aff'd*, No. 215CV02190MMDPAL, 2017 WL 3172539 (D. Nev. July 26, 2017), and *aff'd sub nom. Torrez v. D. Las Vegas, Inc.,* 773 F. App'x 950 (9th Cir. 2019) ("Under Rule 37(c)(1), preclusion of evidence is neither mandatory, nor the only sanction the court may consider."). Accordingly, the Court, in its discretion, will strike the following statement from the expert report:

- Dr. Farbman's statement that "[i]t is impossible to say whether the conditions caused the actual fall or just made him more susceptible to falling."

      **2.**     **Dr. Farbman's opinions would not be helpful to the trier of fact.**

Plaintiff next moves to exclude Dr. Farbman's opinion testimony on the grounds that it fails to comply with Fed. R. Evid. 702(a). As noted above, Dr. Farbman offers the opinions that (1) the proposed mechanism of injury is Plaintiff "walking in a Cardenas Markets when he slipped and fell onto the ground[,]" and (2) "[i]t is impossible to say whether [Plaintiff's pre-existing] conditions caused the actual fall or just made him more susceptible to falling." ECF No. 20-2 at 12–13.

Pursuant to FRE 702(a), a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]"

Turning first to Dr. Farbman's opinion regarding the mechanism of injury. Dr. Farbman's opinion that Plaintiff slipped and fell in a supermarket does not qualify as "scientific, technical, or other specialized knowledge" that "will help the trier of fact to understand the evidence or to

determine a fact in issue[.]" It is clear from the video footage that Plaintiff slipped and fell inside one of Defendant's stores, and Dr. Farbman's opinion regarding the mechanism of injury does not provide any additional or specialized information that would help the factfinder understand *why* or *how* Plaintiff fell. Rather, it is merely a statement of fact that does not require an expert opinion. As a result, the Court will exclude it under FRE 702(a).

Next, Dr. Farbman opines that it is "impossible" to know whether Plaintiff's pre-existing conditions "caused the actual fall or just made him more susceptible to falling." The medical records that Dr. Farbman reviewed reveal that Plaintiff was diagnosed with Parkinson's Disease in 2015 and that he suffers from stenosis. These records further note that Plaintiff fell at one of Defendant's stores when he slipped on milk. Although Dr. Farbman relies on the medical records' references to Plaintiff's pre-existing conditions (i.e., Parkinson's, stenosis) to form his opinions, he fails to address the spilled milk in any capacity. The expert's decision not to discuss the liquid found in the area of Plaintiff's fall renders his report unhelpful to the trier of fact. *See Claar*, 29 F.3d at 502 (affirming a district court's decision to exclude expert testimony where the experts "made [no] effort to rule out other possible causes for the injuries plaintiffs complain of"). Focusing only on Plaintiff's pre-existing conditions and not discussing the presence of a liquid at the area of the fall can also create confusion by directing the trier of fact's attention exclusively to Plaintiff's pre-existing conditions. As a result, the Court will exclude it under FRE 702(a).

Thus, because these opinions would not aid the jury, the Court will exclude them.[1] *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151–52 (explaining that the trial court is accorded wide discretion to act as gatekeepers for the admissibility of expert testimony).

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff David Lopez's Motion to Strike (ECF No. 20) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that Dr. Farbman's statement that "[i]t is impossible to say whether conditions caused the actual fall or just made him more susceptible to falling" be

---

[1] The Court's limited ruling does not prevent the parties from pursuing motions *in limine* regarding the remainder of Dr. Farbman's report and its admissibility at trial.

stricken from his expert report under Federal Rule of Civil Procedure 26(a)(2)(B)(i) and Federal Rule of Evidence 702(a).

**IT IS FURTHER ORDERED** that Dr. Farbman's statement regarding the mechanism of injury be excluded under Federal Rule of Evidence 702(a).

DATED: May 9, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE