UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID LOPEZ, | Case No. 2:21-CV-1915 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| CARDENAS MARKETS, LLC, | |
| Defendant(s). | |

Presently before the court is defendant Cardenas Markets LLC's motion for summary judgment. (ECF No. 18). Plaintiff David Lopez filed a response (ECF No. 25), to which defendant replied (ECF No. 29).

Defendant also filed a second motion for summary judgment. (ECF No. 19). Plaintiff filed a response to this motion as well (ECF No. 24), to which defendant replied (ECF No. 30).

Also before the court is plaintiff's motion for summary judgment. (ECF No. 22). Defendant filed a response (ECF No. 32), to which plaintiff replied (ECF No. 33).

**I.   Background**

There is no genuine dispute as to the following material facts. Plaintiff was shopping at one of defendant's stores. While shopping, he slipped and fell on some sort of liquid—seemingly milk. (ECF No. 25-1). The fall was caught on video from a camera in the store. (ECF No. 25-2). That same camera shows one of defendant's employees wiping something off the floor in the same aisle approximately ten minutes before plaintiff's fall. (*Id.*)

Plaintiff later filed this lawsuit in state court asserting a variety of negligence-based claims against defendant. (ECF No. 1-2). Defendant then removed the case to this court. (ECF No. 1). Defendant now moves for summary judgment on two separate grounds (ECF Nos. 18,

**James C. Mahan**
**U.S. District Judge**

19), and plaintiff also seeks summary judgment on defendant's affirmative defenses (ECF No. 22).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp*., 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

**James C. Mahan**
**U.S. District Judge**

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

### III. Discussion

As an initial matter, the court notes that defendant's filing strategy in this case was peculiar. It filed two separate motions for summary judgment that make independent arguments. However, because the total page count of the two motions is nevertheless below the limit set

James C. Mahan
U.S. District Judge

- 3 -

1  forth in the local rules, *see* LR 7-3, the court does not find it necessary to strike the additional
2  filings.

3  Addressing the motions on the merits, the first seeks summary judgment on the ground
4  that defendant did not breach its duty to plaintiff. (ECF No. 18). The second focuses on the lack
5  of evidence of causation due to insufficient expert disclosure. (ECF No. 19). Finally, plaintiff's
6  countermotion seeks summary judgment on each of defendant's affirmative defenses. (ECF No.
7  22).

8  However, the court need address only defendant's second motion. Because plaintiff has
9  failed to adequately disclose any experts to testify as to the cause of his injuries, he cannot
10  succeed even if defendant breached its duty. Likewise, the court need not analyze any of the
11  affirmative defenses if plaintiff cannot prove his own claim. Thus, for the reasons set forth
12  below, defendant's second motion for summary judgment is GRANTED, and its first motion, as
13  well as plaintiff's countermotion, are DENIED as moot.

14  It is well established under Nevada law that expert testimony is typically required in a
15  negligence case to prove causation of injuries. *See, e.g.*, *Grover C. Dils Med. Ctr. v. Menditto*,
16  112 P.3d 1093, 1100 (Nev. 2005). So, if plaintiff does not have admissible medical expert
17  testimony to prove that the accident here was the cause of injury, he cannot prove his claim—a
18  point that he does not dispute.

19  If an expert witness is not a retained expert providing a written report, the party relying
20  on that witness's testimony must disclose both "the subject matter on which the witness is
21  expected to present evidence" and "a summary of the facts and opinions to which the witness is
22  expected to testify" in its expert witness disclosures in lieu of a full written report. Fed. R. Civ.
23  Pro. 26(a)(2)(C). If a party fails to properly disclose the information required by Rule 26, "the
24  party is not allowed to use that information or witness to supply evidence on a motion, at a
25  hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ.
26  Pro. 37(c)(1).

27  In his initial disclosures, plaintiff listed 23 witnesses, 19 of whom appear to be medical
28  providers, and he does not explicitly designate any of them as experts. *See* (ECF No. 24-1).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Plaintiff describes each witness's testimony with the same boilerplate language: "The witness is expected to testify regarding Plaintiff's injuries resulting from the accident that is the subject of this litigation, his treatment, prognosis, and the costs of the services rendered." (*Id.* at 4–7). In total, he discloses only two witnesses explicitly as experts, one in his case-in-chief to testify as to defendant's liability (not plaintiff's injuries) and one as a rebuttal medical expert. *See* (ECF Nos. 19-1 at 3; 19-3).

Plaintiff argues that disclosing each of the treatment providers as witnesses with the boilerplate language in conjunction with producing copies of each providers' medical records is sufficient. He cites to a Sixth Circuit case for the proposition that any medical provider must develop an opinion on the cause of a patient's injuries to properly treat them. (ECF No. 24 at 3–4) (citing *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 840 (6th Cir. 2007).

At the risk of speaking for defendant, the court is sure it would agree—a doctor probably develops an opinion as to what caused a patient's injuries. The issue here is that those opinions were never properly disclosed. Plaintiff gave a one sentence description that says, in sum, each witness is going to testify about the cause of his injuries and how much it cost to treat them.

Courts in this district and across the country have regularly excluded expert testimony preceded by more detailed disclosures than that. In this district, former Magistrate Judge Leen excluded an expert based on a disclosure that was several paragraphs long but nevertheless failed to state any specific facts as to the content or basis of the testimony (types of injuries, prognosis/diagnosis, etc.). *Alfaro v. D. Las Vegas, Inc.*, No. 2:15-CV-02190-MMD-PAL, 2016 WL 4473421, at *13 (D. Nev. Aug. 24, 2016), *aff'd*, No. 2:15-CV-02190-MMD-PAL, 2017 WL 3172539 (D. Nev. July 26, 2017), and *aff'd sub nom. Torrez v. D. Las Vegas, Inc.*, 773 F. App'x 950 (9th Cir. 2019). In short, the experts were excluded because the descriptions of their testimony were "so generic, unhelpful, and boilerplate they could apply to any [sic] virtually any case." *Id.*

Addressing the same issue on a materially identical set of facts as in this case, a district court in Texas granted summary judgment on the ground that there was no adequately disclosed expert testimony. *See Rumpf v. United States*, No. 5:20-CV-633-DAE, 2021 WL 5816286, at

James C. Mahan
U.S. District Judge

- 5 -

\*4–5 (W.D. Tex. Dec. 2, 2021).  This court is likewise persuaded.  In both cases "[p]laintiff failed to even identify which witness would testify to which topics, and in many cases, failed to even name specific witnesses." *Id.* at 4.

To be sure, plaintiff purports to have disclosed all of the medical records underlying his treatment.  (ECF No. 24 at 3).  But that is not enough.  As former Magistrate Judge Hoffman succinctly put it in a similar case:

> While medical records undoubtedly touch on the subject matter of a treating physician's testimony, they do not necessarily provide an accurate or complete summary of expected testimony since medical records are not typically created in anticipation that those records would be used as a witness disclosure.  Here, in a manner inconsistent with Rule 26(a)(2)(C), Plaintiff's counsel has simply dumped medical records onto Defendants' counsel.  The court will not place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to. *Brown v. Providence Medical Center*, 2011 WL 4498824 (D.Neb.).

*Carrillo v. B & J Andrews Enterprises, LLC*, No. 2:11-CV-01450-RCJ, 2013 WL 394207, at \*6 (D. Nev. Jan. 29, 2013).  The same reasoning rings true here.

Because plaintiff has failed to provide a summary of both the facts and opinions that each of his experts' respective testimonies, he has failed to comply with Rule 26(a)(2)(C).  Thus, he may not offer the opinions of those experts as evidence unless the failure to comply was substantially justified or harmless.  *See* Fed. R. Civ. Pro. 37(c)(1).

Generally, Rule 37's exclusion sanction is self-executing.  *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).  The party to be sanctioned has the burden of showing that inadequate disclosure was justified or harmless.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).  Courts regularly consider "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence" when determining whether a failure to disclose was excusable under Rule 37.  *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Catepillar, Inc.* 324 F.3d 851, 857 (7th Cir. 2003)).  Exclusion of testimony under Rule 37(c)(1) is appropriate even if it precludes a plaintiff's entire cause of

James C. Mahan
U.S. District Judge

- 6 -

1  action. *See Yeti*, 259 F.3d at 1106 (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001)).

Plaintiff offers no real justification for the failure to disclose, and the court will not invent arguments *sua sponte* for a party. To be sure, exclusion is a harsh sanction in this circumstance, and there is prejudice to plaintiff. However, discovery has closed. To allow plaintiff to supplement its disclosures now would not only delay trial in this matter, it could also prejudice defendant by forcing it to rethink trial strategy based upon the supplementation.

Thus, given the failure to meet its burden, plaintiff has not shown that its failure to disclose was either substantially justified or harmless, nor could the court reasonably discern a reason from the available evidence. Plaintiff disclosed a litany of medical providers as witnesses (some of whom are not even specifically identified in the disclosures), proffered boilerplate descriptions of their testimony, and dumped medical records on defendant for it to sift through in a manner that screams "have at it." Such disclosures are not compliant with either the spirit or the letter of Rule 26, which focuses on "increasing efficiency and reducing unfair surprise." *Carrillo*, 2013 WL 394207, at *6. The court will thus exclude the opinion testimony of plaintiff's medical providers.

As noted above, this leaves plaintiff with two expert witnesses—one testifying as to liability and one testifying as a rebuttal witness. Because neither of those experts can provide the opinion testimony necessary to substantiate the causation element of the negligence claims in this case, plaintiff's claims fail. Summary judgment is is therefore appropriate.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's second motion for summary judgment (ECF No. 19) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's first motion for summary judgment (ECF No. 18) and plaintiff's countermotion for summary judgment (ECF No. 22) be, and the same hereby are, DENIED as moot.

. . .

James C. Mahan
U.S. District Judge

- 7 -

1  The clerk is instructed to enter judgment and close the case.

2  DATED June 9, 2023.

_____
UNITED STATES DISTRICT JUDGE